**John Lang and Louise Lang, Appellees, v. James W. Hedenberg, Appellant.**

**Gen. No. 22,012.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

### Statement of the Case.

Suit by John Lang and Louise Lang, complainants, against James W. Hedenberg, defendant, to declare forfeited a contract for the sale of real estate and for other equitable relief. From a decree in favor of complainants, defendant appeals.

The issues in this case are practically identical with those involved in *Summers v. Hedenberg, ante,* page 460. The land involved in this case and that involved in the *Summers* case, *supra,* were parts of the same tract, which had been originally owned by Summers. In this case the defendant entered into a contract with the complainants for the purchase of the land involved herein, and the purchase price of the land involved in this case was the same as that of the land involved in the *Summers* case, *supra.* The two contracts contained the same provision as to deposits of the contract and earnest money with the Chicago Title and Trust Company and the right of the complainants to retain the earnest money if defendant failed to perform the contract on his part. Many of the questions involved in the two cases are identical and in that respect the Appellate Court makes reference to such case.

In the instant case the abstract was delivered to defendant, who made no objection to the title. When the time for the payment of $4,000 arrived, defendant, on repeated demands, failed to pay the money, and also failed to pay the $5,000 when it fell due on the ground that he did not have the money. The master from the evidence concluded that the only reason that defendant did not make the payments was that he was unable to raise the money, as he never gave any other reason nor made any objection to the title of appellees. A notice similar to that given in the *Summers* case, *supra,* was given by complainants to defendant April 13th, and, defendant having failed to make any payments, complainants caused defendant to be served with another notice that on account of his failure to perform the provisions of the contract, make the payments necessary and comply with said first notice, they had elected to declare the contract null and void and to retain the purchase money. May 29, 1914, defendant filed in the recorder's office an affidavit similar to the affidavit filed in the *Summers* case, *supra.* He never

made payment of either the $4,000 or the $5,000 to the Chicago Title and Trust Company, nor offered to do so. No argument was made before the master of any defect in complainants' title, and no argument on this question was made before the court on exceptions to the master's report. It was argued for the first time in this court.

The grounds of reversal urged were: First, that complainants were in default at the time of the service of the notice of April 13, 1914, and were not entitled to forfeit and retain the earnest money, because there was no proof that at the time of the service of the notice they had perfect title to the property; second, that complainants did not tender a deed nor prescribe the form of trust deed; third, that the notice did not give a reasonable time for performance; fourth, that a court of equity will not aid the complainants.

BRADLEY, HARPER & EHEIM, for appellant.

RUBENS, FISCHER, MORAN & BARNUM, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 111*—*when evidence sufficient to sustain finding that contract purchaser of land refused to perform contract because of financial inability.* Where defendant, in an action to declare a contract for purchase of land forfeited, bought such land from complainant, and upon delivery of the abstract to him failed to make payments due under the terms of the contract, evidence *held* sufficient to sustain a finding of the master that the reason why defendant did not make the payments was his inability to raise the money, it not appearing that he gave any other reason or made any objection to the title of complainants.

2. VENDOR AND PURCHASER, § 56*—*when objections to contract of purchase of land waived.* By basing his refusal to perform a con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tract for the purchase of real estate on his inability to do so, a contract purchaser waives all other grounds of objection.

3. VENDOR AND PURCHASER, § 111*—*when evidence insufficient to establish giving of additional time to vendee for payment of purchase price.* On a bill to declare forfeited a contract for the purchase of land, evidence *held* insufficient to establish that vendors agreed to give vendee additional time for payment of the purchase price, it appearing that his refusal to perform was upon the sole ground that he did not have the money to make the payments.

4. VENDOR AND PURCHASER, § 148*—*when purchaser waives objection to title.* Where a conveyance is refused on the ground that the purchaser does not have the money, he cannot object to the title.

5. VENDOR AND PURCHASER, § 135*—*when not necessary that vendor have title to land.* It is not necessary that vendors of real estate have title until the time they have agreed to deposit a deed in escrow, if before that time the vendee had made default and could not require the vendors to obtain title.

6. VENDOR AND PURCHASER, § 151*—*when tender of deed not necessary.* Where vendors of real estate in their contract of sale have agreed to deposit the deed with a third party after the vendee has deposited purchase money in accordance with the contract, a tender of the deed is not necessary, and all that is necessary is an offer by the vendors to make a deed and deposit it, providing the vendee would deposit the payments and perform his contract.

7. VENDOR AND PURCHASER, § 151*—*when tender of deed unnecessary.* The law does not require a needless formality, and an actual tender of a deed is unnecessary where the seller is ready, able and willing to perform on his part, and a tender would be a mere useless form.

8. VENDOR AND PURCHASER, § 118*—*when vendor need only prove ability and willingness to perform contract.* If before or at the time of performance the purchaser has declared his intention not to perform, or refuses to do so, the seller need only prove that he was ready and willing to perform on his part.

9. VENDOR AND PURCHASER, § 118*—*when tender of performance by vendor unnecessary.* If tender of performance by the vendor would prove ineffectual, the law does not require a vain act, and such tender is unnecessary.

10. VENDOR AND PURCHASER, § 111*—*when evidence insufficient to show that notice of forfeiture unreasonable.* On a bill by a vendor to declare void a contract of sale of land and to require payment of earnest money to complainant by a trustee, evidence *held* insufficient to show that the notice of forfeiture of earnest money was unreasonable.

---

*See Illinois Notes Digest, Vols. **XI** to **XV,** and **Cumulative Quarterly,** same topic and section number.

11.   EQUITY, § 512*—*when decree does not declare a forfeiture.* A decree on a bill by a vendor to declare void a contract of sale of land and to require payment of earnest money is not objectionable where it does not in itself decree or declare a forfeiture but merely ·decrees that defendant by his own acts prior to the filing of the bill rescinded the contract or caused a forfeiture, and that the title to the earnest money was in complainants at the time the bill was filed.

12.   EQUITY, § 512*—*when decree for payment of earnest money does not provide for forfeiture.* Earnest money in the hands of a trustee belonging to the seller because of the default of the purchaser cannot be returned to the purchaser but may be decreed to be paid by the trustee to the seller, and such a decree does not provide for the enforcement of a forfeiture.

13.   VENDOR AND PURCHASER, § 67*—*when vendor entitled to earnest money.* Earnest money is a guaranty that the contract will be performed, and if the sale goes on, it applies as part payment of the purchase money, but if there is a default on the part of the purchaser, he has no right to recover the deposit and it belongs to the seller.